IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHANTAI WELLS, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:21-CV-1015-N-BK |
| | § | |
| AMAZON, | § | |
| DEFENDANT. | § | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the undersigned United States magistrate judge for pretrial management. Upon consideration, this action should be **DISMISSED WITHOUT PREJUDICE** due to Plaintiff's failure to timely serve Defendant with summons and a copy of her complaint.

I. PROCEDURAL HISTORY

On May 4, 2021, Plaintiff filed this action against her former employer "Amazon." Liberally construing her *pro se* complaint, Plaintiff asserts claims for employment discrimination and negligence. *See* Doc. 3. Plaintiff paid the filing fee and was thus responsible for serving summons and a copy of her complaint on Defendant within 90 days, in accordance with Federal Rules of Civil Procedure 4(c) and 4(m). Nearly two months after this case was filed, the Court notified Plaintiff that she was responsible for service of process and that her case would be dismissed unless she completed service by August 2, 2021 or showed good cause for failing to do so. Doc. 5.

On July 15, 2021, Plaintiff filed an amended complaint without leave of court, but did not

timely effectuate service of process as ordered by the Court.[1]  *See* Doc. 7.  On August 4, 2021, Plaintiff filed a copy of a post office return receipt that indicates she sent an unidentified piece of mail to "Amazon" at an address in Washington state.  Doc. 9.  Then, on September 16, 2021, Plaintiff filed a one page "Proof of Service," signed by a purported process server, Jovan Dennis.  The document, however, does not contain Defendant's name or the address to which the certified mail was sent.  Doc. 19.  Moreover, the return of service does not state that Dennis is a private process server or that he is authorized by law or court to serve the Defendant.[2]  In fact, the list of Texas certified process servers does not contain his name.

## II. APPLICABLE LAW

As noted above, Rule 4(c) places the burden on a plaintiff to ensure that defendants are properly served with summons and a copy of the complaint.  FED. R. CIV. P. 4(c)(1).  Service of process must be made within 90 days of filing a complaint or the action is subject to dismissal without prejudice.  FED. R. CIV. P. 4(m).  "[W]hen the time to effect service has expired, the party attempting service has the burden of demonstrating 'good cause' for failure to serve the opposing party."  *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994) (citation omitted).  Actions, or the lack thereof, that fall into the categories of inadvertence,

---

[1] Plaintiff subsequently filed another document with no caption, which the Clerk docketed as a second amended complaint.  Doc. 17.  Defendant has moved to dismiss both complaints based on, *inter alia*, insufficient service of process.  Doc. 10 at 5-6; Doc. 25 at 6-7.  Plaintiff responded only to the first motion, arguing that service was correct.  Doc. 20 at 3-5.  Additionally, she clarified that the pleading docketed as a second amended complaint is only intended as "evidence," not an amended complaint.  Doc. 20 at 6-7.  Accordingly, on this date, the Court has terminated as moot Defendant's motion to dismiss that pleading.

[2] An attorney entered a notice of appearance on Plaintiff's behalf on September 29, 2021, but there has been no docket activity since.  Doc. 26.

mistake, or ignorance of the law are not a sufficient showing.  *Id.* at 646.  Rule 4(h) of the Federal Rules of Civil Procedure governs service of process on a corporation.  The rule permits service either (1) pursuant to Texas state law or (2) by delivering a copy of the summons and complaint to an officer, managing or general agent, or any other agent authorized to receive service of process.  FED. R. CIV. P. 4(h) (cross-referencing Rule 4(e)).

### III.  ANALYSIS

Plaintiff's latest effort to serve Defendant fares no better than her prior attempt, most obviously due to her failure to provide proof that she served Defendant at the proper address with a copy of the summons and her complaint.  Plaintiff erroneously maintains that her second attempt at service was successful.  Doc. 20 at 4-5.  She has not, however, shown good cause for failing to properly effect service even though seven months have passed since she filed this suit. *Kreimerman*, 22 F.3d at 645-46.  At this point, the Court concludes that Plaintiff simply cannot or will not comply with court orders and Rule 4.  Because Plaintiff has had ample opportunity to properly serve Defendant, has failed to show good cause for her failure to do so, and an extension of time is not warranted under the circumstances, dismissal of this case without prejudice is appropriate.  *See Pennie v. Obama*, 255 F. Supp. 3d 648, 656 (N.D. Tex. 2017) (dismissing case without prejudice against numerous defendants pursuant to Rule 4(m) due to plaintiffs' failure to properly effect service of process despite being granted extensions to do so); *Johnson v. Tosuni*, No. 3:20-CV-0261-E-BK, 2020 WL 3260092, at *1 (N.D. Tex. May 29, 2020) (Toliver, J.) (dismissing case without prejudice following *pro se* plaintiff's two unsuccessful attempts at service), *adopted by* 2020 WL 3259800 (N.D. Tex. June 16, 2020) (Brown, J.).

3

## IV.  CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that this case be **DISMISSED WITHOUT PREJUDICE**.

**SO RECOMMENDED** on December 3, 2021.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).